CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1870.

B. WELLMAN AND J. M. PECK *v.* J. B. HARKER.

APPOINTMENT OF A RECEIVER.—The court refused to appoint a receiver, where it was not shown that there was danger that the partnership property will be ultimately lost.

INJUNCTION.—Where a motion for an injunction is submitted on complaint and answer, and the answer denies all the equities of the bill, the injunction should not be granted.

THE allegations of the complaint are, that about February 1st, 1867, the plaintiffs and the defendant entered into a partnership, under the name and style of "Harker & Co.," in a general mercantile business at Portland, Oregon, for a period of one year. That they carried on said business for the said year, when, by a further agreement, they continued the time of the duration of the partnership, until the end of

1868, at which time the regular business of said firm ceased, by mutual consent of parties. The terms of the partnership were, that the plaintiffs were to furnish and own one half of the capital stock, and the defendant the other half, and the profits and losses were to be shared in the same proportion. The plaintiffs put into the firm $14,493.22, and the defendant about the same amount. The defendant was the agent of the firm, and managed the business at Portland, made sales, received the money, and kept the books.

The defendant drew out of the firm, and appropriated to his own use, $8,377.40. The firm is indebted to third parties to about $12,000.

"The defendant has pretended to control the books, accounts, assets, and property of the firm, and has collected, and still is collecting, large sums of money due to the firm. And though often requested by the plaintiffs to *settle and adjust the matters of said firm*, as between the members thereof, and to pay back to these plaintiffs the capital they put into it, *or* allow them the use of their share of the property belonging to it, yet the said J. B. Harker has refused to settle and adjust said partnership accounts, *and refused to collect* from the firms and establishments in which he has an interest, outside of the firm of Harker & Co., the large amount of money due to said firm of Harker & Co., and refuses to pay back the large sums he has drawn out of said firm and applied to his own use."

That there are large sums due to the firm. That the defendant is using money belonging to the firm in outside speculations attended with great risk, to-wit: among other things, in a mill. That the defendant is indebted to plaintiffs $16,000.

It is also stated in the complaint, that the defendant is interested in other firms named, and that he "wrongfully drew out large sums from the firm" for the use of other firms in which the defendant was interested, and allowed said firms to become indebted to Harker & Co., to-wit: Bushbee, Livermore & Co. to $16,207 04; Snodgrass & Co., $8,610 64; Exclsior Mills, $1,631 38.

The plaintiffs pray for an injunction, the appointment of a receiver, the appointment of a referee, and for general relief.

An answer is filed, which directly meets and denies the allegation that defendant has received and appropriated to his own use money of the firm; denies that the defendant has control of the books and the accounts of the firm, and denies that the defendant has refused to account and settle. And avers that the credit given to the various firms mentioned in the complaint was given with the plaintiffs' knowledge and consent.

The plaintiffs demur to the answer, on the ground that it does not state facts to constitute a defense. On this state of the pleadings, the case came on to be heard on the motion of the plaintiffs for an injunction and for the appointment of a receiver.

*Logan, Shattuck & Killen,* for the plaintiffs.

*Mitchell & Dolph,* for the defendant.

UPTON, J., announced the following decision:

It does not appear from the complaint whether the plaintiffs have made any effort to have the demands due to the firm of Harker & Co. collected; nor that the defendant has neglected any duty in that respect. There is therefore no foundation laid for appointing a receiver in order to expedite the collections. To justify appointing a receiver or granting an injunction, because of the funds charged to be in the defendant's hands, it should appear that there is danger that the money will be ultimately lost to the plaintiffs. It is not alleged that the defendant is insolvent, nor does it appear affirmatively by the complaint that there is any danger of ultimate loss to the plaintiff. The answer denies that the defendant "has applied to his own use any sums drawn out of said firm," and alleges that the crediting the other firms mentioned, was done with the knowledge and consent of the plaintiffs.

I think there is not good reason shown for an injunction or for the appointment of a receiver. Where the motion is

submitted on complaint and answer, and the answer denies all the equities of the bill, an injunction should not be granted.

The answer I think denies all the equities attempted to be set up in the complaint, unless it be the charge that the defendant had allowed certain firms in which he is interested to become indebted to the firm of Harker & Co. In regard to that matter, it does not appear that those firms are insolvent, nor that this defendant has been requested to collect the money from them; and the answer avers that the credit was given to them with the plaintiffs' approval. I do not think a sufficient cause is shown, either for appointing a receiver or granting an injunction.